UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELODY BARKSDALE,

               Plaintiff,                    **DECISION AND ORDER**

   v.

                                                              1:19-CV-00517 EAW

BUFFALO BOARD OF EDUCATION,

               Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Melody Barksdale ("Plaintiff") brings this action alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.* (Dkt. 1). Pending before the Court is defendant Buffalo Board of Education's ("Defendant") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. 32). For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff—a former social studies teacher with the Buffalo City School District—previously commenced a *pro se* lawsuit arising from her employment with Defendant, asserting claims pursuant to Title VII, the ADEA, and the NYSHRL. *See* Complaint,

*Barksdale v. Buffalo Bd. of Educ.*, No. 1:13-cv-00555-WMS-HKS, Dkt. 1 (May 24, 2013). Plaintiff alleged that she had been constructively discharged effective April 3, 2012. *Id*. at ¶ 6. That case was ultimately settled and dismissed with prejudice on June 10, 2015. Stipulation, *Barksdale v. Buffalo Bd. of Educ.*, No. 1:13-cv-00555-WMS-HKS, Dkt. 25 (June 10, 2015). As part of the settlement, Plaintiff signed a "General Release" on May 26, 2015, that, in exchange for $7,500.00, released Defendant from

> all suits, claims, actions, proceedings, disputes, injuries, expenses, losses, or damages, of any nature whatsoever, foreseen or unforeseen, in law or equity, from the beginning of the world to the day of the execution of this Release, that [Plaintiff] has ever had or will ever have, specifically including but not limited to any claims that were or could have been the subject of a civil complaint filed in the Western District Federal Court, under civil index number 2013-cv-0555, or any attorney's fees related thereto, for which [Plaintiff] has claimed [Defendant] to be legally liable, which [Defendant] hereby expressly denies.

(Dkt. 32-19[1] at ¶ 30; *see* Dkt. 32-14 at 2).

Some four years later, Plaintiff commenced the present lawsuit alleging that she applied for numerous jobs after ending her employment with Defendant, but she was not hired because Defendant failed to respond to requests for information from prospective employers. (*See* Dkt. 1 at ¶ 19). Prior to commencing this lawsuit, Plaintiff filed a verified

---

[1] Pursuant to Local Rule of Civil Procedure 56(a)(1), Defendant filed a statement of undisputed facts in support of its summary judgment motion. (See Dkt. 32-19). Although Plaintiff filed a response (*see* Dkt. 34), it consisted of unsworn statements and failed to respond to each numbered paragraph in Defendant's statement as required by Local Rule 56(a)(2). Moreover, subsequent to filing that initial response, Plaintiff was granted an extension of time to submit a further response (Dkt. 37), but she never filed any further response. The Court treats the facts set forth in Defendant's Statement of Undisputed Facts "admitted for purposes of" the instant motion where supported by admissible evidence in the record. Loc. R. Civ. P. 56(a)(2); *see N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs. Inc.*, 426 F.3d 640, 648 (2d Cir. 2005).

complaint on August 20, 2018, with the New York State Division of Human Rights ("the Division"). (*See* Dkt. 1 at 16-20). On February 15, 2019, the Division issued a Determination and Order after Investigation finding no probable cause to credit Plaintiff's complaint and accordingly the complaint was dismissed. (Dkt. 32-19 at ¶¶ 14-16; see Dkt. 32-5).

In support of its summary judgment motion, Defendant has submitted an affidavit from Terence Mazepa, the Director of Employment Services for the Buffalo City School District, setting forth the procedure that is utilized to respond to requests for information from prospective employers. (*See* Dkt. 32-6). The information set forth in the Mazepa affidavit is unrebutted, and establishes that Defendant's process for handling requests for information pertaining to former employees is handled by its Human Resources staff with "no discretion, incentive, direction, or authorization to choose which schools or former employees to respond to." (*Id*. at ¶ 5). With approximately 7,500 employees and "countless" former employees, Defendant relies on a standardized process to respond to inquiries from prospective employers. (*Id*. at ¶¶ 6-10). The prior litigation filed by Plaintiff had nothing to do with how any requests for employment information were processed by the Human Resources staff and Plaintiff's former supervisor had nothing to do with any such responses. (*Id*. at ¶¶ 24-30).

**DISCUSSION**

I. **Legal Standards**

   A. **Rule 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks and citation omitted). "Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015).

   B. **Rule 56**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

On a motion for summary judgment, "[t]he moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v.*

*Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts[] and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks omitted)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks and citation omitted). Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly

supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II. Analysis

Plaintiff has asserted claims of retaliation under Title VII, the ADEA, and the NYSHRL[2]—alleging that because she previously complained of discrimination,[3] Defendant[4] retaliated against her by not responding to requests for information from prospective employers. In its motion, Defendant makes both threshold arguments under Rule 12(c) and merits-based arguments under Rule 12(c) and Rule 56 in seeking judgment in its favor.

---

[2] In liberally construing Plaintiff's complaint, the Court concludes that she only alleges a cause of action for retaliation. Despite initially selecting the options on the form complaint of failure to promote and harassment, Plaintiff crossed out those selections and initialed her decision to do so. (Dkt. 1 at 4). Plaintiff's response to the motion also supports the conclusion that she was only intending to pursue a retaliation claim. (*See* Dkt. 34-1 at 1 ("I am claiming that the employees of the Buffalo Board of Education retaliated against me for filing a discrimination case against the Buffalo Board of Education in 2012.")).

[3] Plaintiff's complaint makes reference to "filing a discrimination suit in 2012." (Dkt. 1 at 5). In reality, Plaintiff filed a complaint of discrimination with the Division in 2012, and then subsequently commenced her prior federal lawsuit in 2013. (*See* Dkt. 32-12). The Court will construe Plaintiff's allegations liberally as contending that the protected activity consisted of both her 2012 NYSHRL complaint and the 2013 federal lawsuit.

[4] Defendant argues that Plaintiff's case should be dismissed in its entirety because the "Buffalo Board of Education" is not a proper party and that Plaintiff should have instead sued the school district. (*See* Dkt. 32-20 at 11). However, Defendant cites to cases standing for the proposition that there is no cause of action for damages under 42 U.S.C. § 1983 against a School Board or its members in their official capacities. By contrast, courts have recognized the viability of employment discrimination-based claims against a School Board. *See Gulino v. N.Y. State Educ. Dept.*, 460 F.3d 361, 381 (2d Cir. 2006); *Carlson v. Beneva City Sch. Dist.*, 679 F. Supp. 2d 366, 373 (W.D.N.Y. 2010).

As a general rule, the Court must consider arguments that impact its jurisdiction before considering merits-based arguments. *See Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 389 (2d Cir. 2011). However, the Court has broad leeway when determining the order in which to address non-jurisdictional arguments. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *c.f. Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (recognizing that "the judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case").

Defendant's threshold arguments as to Plaintiff's Title VII and ADEA claims do not implicate the Court's jurisdiction. *See, e.g., Nosair v. United States*, 839 F. Supp. 2d 646, 650 (S.D.N.Y. 2012) ("As the statute of limitations is merely an affirmative defense, and not a jurisdictional element, it need not be resolved before reaching the merits of a claim." (citation omitted)). However, Defendant has raised jurisdictional defenses— including election of remedies—to Plaintiff's state law claim, which the Court considers as an initial matter.

The Court agrees with Defendant that Plaintiff's claim under the NYSHRL is barred by the election of remedies provision set forth in § 297(9) of the NYSHRL, which provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . *unless such person had filed a complaint hereunder or with any local commission on human rights*.

N.Y. Exec. Law § 297(9) (emphasis added). This means that NYHRL claims, "once brought before the [Division], may not be brought again as a plenary action in another

court." *York v. Ass'n of Bar of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (citing *Moodie v. Fed. Rsrv. Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995)). This "election-of-remedies" doctrine is jurisdictional and applies in both state and federal courts. *See York*, 286 F.3d at 127 (citing *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)); *see also Adams v. City of New York*, No. 1:23-CV-6637 (LTS), 2023 WL 6608931, at *2 (S.D.N.Y. Oct. 10, 2023) ("[B]ecause Plaintiff chose to pursue state administrative remedies with respect to his claims under the NYSHRL and NYCHRL, and because no exceptions to those statutes' election-of-remedies provisions apply, this Court lacks subject matter jurisdiction to consider Plaintiff's claims under those statutes.").

Here, it appears that Plaintiff initiated her retaliation complaint with the Division. (*See* Dkt. 1 at 11). Instead of pursuing an appeal of the Division's adverse ruling consistent with the procedures outlined in the NYSHRL, Plaintiff seeks to litigate her state law claim in this proceeding. None of the recognized exceptions to the jurisdictional bar of § 297(9)—dismissal on grounds of administrative convenience, untimeliness, or annulment of the election of remedies—appears to apply here. *See Jiles v. Rochester Genesee Reg'l Transportation Auth.*, 317 F. Supp. 3d 695, 701 (W.D.N.Y. 2018). Thus, the Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claim. *See, e.g.*, *Hendrix v. Pactiv LLC*, 488 F. Supp. 3d 43, 57 (W.D.N.Y. 2020). Accordingly, to the extent Defendant sought judgment on the pleadings pursuant to Rule 12(c) on this ground, it is granted and Plaintiff's NYSHRL claim is dismissed without prejudice for lack of jurisdiction.

In its discretion, the Court will evaluate the remaining claims in the context of Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Ventre v. Hilton Hotels Corp.*, No. 98 CIV. 5644 (SWK), 2000 WL 1011050, at *1 (S.D.N.Y. July 20, 2000) (explaining that "no party can fairly claim surprise" where, on a motion brought pursuant to both Rule 12(c) and Rule 56, the Court applies "the well-established standard for motions brought pursuant to Rule 56").

On a motion for summary judgment, retaliation claims under Title VII and the ADEA are evaluated under the same burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5] *See Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 178 (2d Cir. 2023). A plaintiff must initially establish a *prima facie* case of retaliation by showing that "(1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr*, 76 F.4th at 180. If a plaintiff establishes a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for the alleged materially adverse action. *Id.* at 178. If the employer articulates a sufficient reason, the burden shifts back to the plaintiff to "prove

---

[5] If the NYSHRL claim was properly asserted in this litigation, the same analysis would generally apply, *see Matthews v. Corning Inc.*, 77 F. Supp. 3d 275, 295 (W.D.N.Y. 2014), and summary judgment would also be granted in favor of Defendant as to Plaintiff's NYSHRL retaliation claim.

that the desire to retaliate was the but-for cause of the challenged employment action." *Id.* (internal quotation marks and citation omitted).

Actions are "materially adverse" for purposes of a retaliation claim if they are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)) (internal quotation marks omitted). The Second Circuit has held that "petty slights or minor annoyances" are not materially adverse for purposes of a retaliation claim. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24-25 (2d Cir. 2014). When deciding a summary judgment motion as to a retaliation claim, in addition to considering alleged acts of retaliation on their own, courts must consider them in the aggregate, "as even minor acts of retaliation can be sufficiently 'substantial in gross' to be actionable." *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 225 (E.D.N.Y. 2014) (quoting *Hicks*, 593 F.3d at 165).

Here, the Court agrees with Defendant that Plaintiff cannot make out a *prima facie* case of retaliation under Title VII or the ADEA. Even assuming that Plaintiff could establish the first three elements of a *prima facie* case, including that the failure to respond to a request for information from a prospective employer was materially adverse, *c.f. Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (assuming *arguendo* that "a former employer's giving an entirely neutral reference to an inquiring prospective employer, leading the prospective employer to decline to hire the applicant, can constitute an adverse employment action"), Plaintiff cannot establish a causal

connection between her participation in protected activity and Defendant's alleged retaliatory conduct.

"[P]roof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000); *see Hicks*, 593 F.3d at 170. There is no evidence in the record that Defendant had a retaliatory animus or treated Plaintiff differently from other similarly situated former employees. Indeed, the uncontroverted evidence is that Defendant handled requests for employment verification in a standardized manner, and that the Human Resources staff who would have handled any such request pertaining to Plaintiff would have had no knowledge or involvement with her prior discrimination complaints. (*See* Dkt. 32-6).

Plaintiff also cannot show causation through temporal proximity. To create an inference of causation through temporal proximity alone, the time between the protected activity and the adverse employment action must be "very close." *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). Plaintiff has wholly failed to meet this burden—she has not provided any admissible evidence that she applied for multiple teaching positions after filing her 2012 NYSHRL complaint and 2013 federal lawsuit, or that Defendant failed to provide employment verification references to those prospective employers. Instead, Plaintiff broadly claims in unsworn statements that she applied to "numerous" teaching positions after ending her employment with Defendant in 2012. (Dkt.

1 at 5; *see* Dkt. 34-1 at 1 ("After leaving my teaching position in [April] 2012, I attempted to get positions as a teacher in numerous school districts in New York, Georgia, Florida, South Carolina, North Carolina, Delaware, Texas, California, Wisconsin, Delaware [sic], Maryland . . . .")). Plaintiff's allegations in these unsworn statements are insufficient to create a genuine issue of material fact allowing her to withstand summary judgment.

  The infirmity of Plaintiff's claims are further underscored by the release she executed in May 2015, when she settled her prior federal lawsuit and agreed to the dismissal of that action with prejudice. Plaintiff makes no attempt to challenge the validity of the General Release. Assuming that the release and dismissal of the prior federal lawsuit resolved all claims existing at that time, any potential retaliatory conduct occurring after May 2015 would be too remote in time to have a causal connection with Plaintiff's protected activity several years earlier. *See Clark Cnty. Sch. Dist.*, 532 U.S. at 273-74 (twenty months too remote); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (five months sufficient).

  More importantly, even if Plaintiff could establish a *prima facie* case of retaliation, Plaintiff offers no evidence to suggest that the legitimate, non-retaliatory reasons offered by Defendant for the handling of any inquiries from prospective employers were pretextual. Indeed, Plaintiff has failed to introduce any evidence in opposition to the pending summary judgment motion—including any proof that she actually applied for different jobs or that inquiries from those prospective employers were not answered. Defendant has come forward with evidence that all requests for employment verification were handled in a standardized manner, and the Human Resources staff responsible for any such inquiries

had no involvement or knowledge concerning Plaintiff's prior complaints of discrimination. Plaintiff has not provided, or even attempted to provide, evidence establishing that Defendant's alleged failure to provide employment verification references "would not have occurred in the absence of the retaliatory motive." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015) (internal quotation marks and citation omitted). In other words, Plaintiff has not shown a genuine issue of material fact as to whether Defendant retaliated against her and, accordingly, summary judgment is granted in favor of Defendant on Plaintiff's Title VII and ADEA retaliation claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted (Dkt. 32), and pursuant to Rule 12(c) the NYSHRL claim is dismissed without prejudice and pursuant to Rule 56 the ADEA and Title VII claims are dismissed in favor of Defendant with prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   October 26, 2023
       Rochester, New York